KAEMPFER CROWELL
Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: msaragosa-stratton@kcnvlaw.com

Attorney for Defendants Candela
Corporation and Candela Medical, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LED CONSULTING LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CANDELA CORPORATION, a Delaware corporation; CANDELA MEDICAL, INC., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02650<br><br>**NOTICE OF REMOVAL** |

Defendants Candela Corporation ("Candela Corp") and Candela Medical, Inc. ("CMI") (collectively "Candela") remove this action from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Candela states as follows:

# I. INTRODUCTION AND GROUNDS FOR REMOVAL

1. On May 9, 2025, plaintiff LED Consulting LLC ("Plaintiff") filed this action, entitled *LED Consulting LLC., a Nevada limited liability company v. Candela Corporation, a Delaware corporation; Candela Medical, Inc., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive* (Case No. A-26-950144-C) in the Eighth Judicial District Court for Clark County, Nevada. Candela was served with the Complaint on July 31, 2026. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached at Exhibit A and a true and correct copy of the state court docket, including all process and additional pleadings served in the above-referenced action, is attached at Exhibit B.

2. Plaintiff alleges that Candela sold Plaintiff multiple GMAX-PRO laser systems and related replacement components used for laser hair removal that were either defective or not properly serviced leading to extended periods of inoperability.

3. Plaintiff further alleges these issues were known or should have been known by Candela and were fraudulently concealed or misrepresented.

4. As a result, Plaintiff claims various damages in excess of $100,000.00 attributed to defective machines, defective replacement components, defective UAG Heads, failed repairs, failure to warn, fraudulent concealment, misrepreentations, deceptive trade practices, warranty breaches, contractual repair failures, and failure to provide timely and commercially reasonable cure. Ex. A, Complaint, at ¶ 18 and Prayer For Relief.

5. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1441 because Candela has satisfied the procedural requirements for removal, and the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II. CANDELA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Removal is Timely.

6. Candela was served with the Summons and Complaint on July 31, 2026, and filed this Notice of Removal within thirty days of that date. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1).

7. This Notice of Removal comes less than one year after commencement of the state court action. *See* 28 U.S.C. § 1446(c)(1).

### B. All Defendants Consent to Removal.

8. There are no other defendants whose consent is required for removal. Nominal or unknown defendants, like the Doe and Roe defendants named in Plaintiff's Complaint, do not need to join in the petition for removal. *See, e.g.*, Compl. ¶ 29 (ROE and DOE defendants are unknown to Plaintiff); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties"); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 991 (D. Nev. 2005) (same); *see also Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined" in a petition for removal).

9. Both Candela Corporation and CMI consent to this removal.

**C. All Other Procedural Requirements Are Satisfied.**

10. Pursuant to 28 U.S.C. § 1446(d), Candela will promptly file a copy of this Notice of Removal with the District Court for Clark County, Nevada.

11. Candela has not responded to the Complaint in the state court action.

12. Candela removes this case without waiving any challenges that Candela may have as to personal jurisdiction, service of process, improper venue, or any other claims or defenses that may be available, all of which it expressly reserves.

13. If any question arises as to the propriety of this removal, Candela requests the opportunity to present written and oral argument in support of removal.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists Between Plaintiff and Candela.**

15. Plaintiff alleges that it is a Nevada limited liability company. *See* Ex. A, Compl. ¶ 19.

16. Plaintiff further alleges that its principal place of business is in Las Vegas, Nevada. *Id.* at ¶ 21.

17. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of [any] State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ."

18. Candela Corporation is a foreign corporation [*see* Ex. A, Compl. ¶ 23], with its principal place of business in the State of Massachusetts [*see* Ex. C., MA Sec. of State Entity Summary].

19. Candela Medical, Inc. is a corporation organized under the laws of the State of Delaware [*see* Ex. A, Compl. ¶ 25].

20. Because Plaintiff and Candela are citizens of different States, there is complete diversity in this case, as required by 28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Requirement is Met.**

21. Plaintiff seeks damages "exceeding $100,000," but does not aver a specific amount of damages in the Complaint. *See* Ex. A, Compl., ¶ 294, Prayer for Relief.

## IV. CONCLUSION

For these reasons, Candela respectfully removes this action from the Eighth Judicial District Court for Clark County, Nevada to the United States District Court of Nevada, and requests that this Court assume full jurisdiction as provided by law.

KAEMPFER CROWELL

Melissa A. Saragosa-Stratton

Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **NOTICE OF REMOVAL** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

Max Kelner, No. 16557
LAW OFFICE OF MAX KELNER, ESQ
9173 Weeping Hollow Avenue
Las Vegas, Nevada 89178
max@maxkelnerlaw.com

Attorney for Plaintiff
LED Consulting LLC

DATED August 21, 2026

Desiree Endres
An employee of Kaempfer Crowell

**EXHIBIT INDEX**

Exhibit A: Complaint, EJDC Case No. A-26-950144-C

Exhibit B: Case Docket, Summons, Proof of Service

Exhibit C: Massachusetts Secretary of State Business Entity Summary