KAEMPFER CROWELL
Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: msaragosa-stratton@kcnvlaw.com

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LED CONSULTING LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CANDELA CORPORATION, a Delaware corporation; CANDELA MEDICAL, INC., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02650-MDC<br><br>**CANDELA CORPORATION'S MOTION FOR MORE DEFINITE STATEMENT** |

Candela Corporation moves for a more definite statement of Plaintiff's Complaint (ECF No. 1-2) pursuant to Fed. R. Civ. P. 12(e). This motion is made

before Candela Corporation has filed any responsive pleading in this matter and is supported by the attached exhibits and the following points and authorities.

KAEMPFER CROWELL

/s/ Melissa A. Saragosa-Stratton

Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Candela Corporation cannot fairly admit, deny, or otherwise respond to Plaintiff's Complaint as pleaded. The Complaint (ECF No. 1-2) contains allegations that are too vague and ambiguous to show Defendant what claims are asserted, against whom, and on what factual basis, not because of a lack of evidentiary detail. Plaintiff asserts various claims where it either combines two claims into one cause of action, cannot adequately identify which agreement it wants to enforce, cannot identify which Defendant engaged in what wrongdoing, and fails to identify "the machines." Therefore, Defendant asks this Court to order Plaintiff to file an amended complaint that repleads the entire Complaint in compliance with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 9 so that Candela Corporation may adequately respond to the Complaint.

Candela Corporation is a leading U.S.-based global medical aesthetic device company headquartered in Marlborough, Massachusetts, which develops and

manufactures medical aesthetic laser, IPL, and RF micro-needling machines.[1] Candela also provides service maintenance plans to industry professionals who purchase their devices.

In October 2015, Plaintiff purchased a GentleMax Pro System w/DCD with a standard one-year warranty from Candela. In December 2019 Plaintiff purchased a second GentleMax Pro System w/DCD with the same standard one-year warranty. In May 2021, Plaintiff purchased a third GentleMax Pro System w/DCD with the standard one-year warranty. (collectively, the "Devices"). Each of the purchases was documented on a Syneron-Candela Purchase Agreement (the "Purchase Agreements"). Exs. A–C, Purchase Agreements. Each of the Purchase Agreements was subject to the then-current Terms and Conditions of Sale. Ex. D, Terms and Conditions.

Following the purchase of the Devices, Plaintiff entered into several Candela Service Agreements (the "Service Agreements"), as follows:

| Service Agmt. Number | Effective Dates | Serial Number of Device Covered |
|---|---|---|
| S3988-D3994 | 07/20/22 – 07/19/24 | 9914-9035-3994 |
| W3988-D10937 | 07/20/22 – 07/19/24 | 9914-9035-10937 |
| S3988-D13505 | 07/20/22 – 07/19/24 | 9914-9035-13505 |
| W3988-D16452 | 10/14/22 – 10/13/24 | 9914-9035-16452 |
| T3988-D16452 | 01/11/25 – 01/10/27 | 9914-9035-16452 |
| T3988-D3994 | 01/11/25 – 01/10/27 | 9914-9035-3994 |
| T3988-D10937 | 01/11/25 – 01/10/27 | 9914-9035-10937 |

Exs. E–K, Service Agreements.

In order to adequately respond to the allegations in the Complaint, including a determination of what affirmative defenses may be applicable, Candela

[1] https://candelamedical.com/about-candela/ (*last accessed* August 26, 2026)

Corporation needs to be able to identify the Device at issue and the underlying contract governing the terms, representations, and warranties it is alleged to have breached. In fact, Plaintiff acknowledges that the application of certain affirmative defenses are Device specific and agreement specific. *See,* Complaint, ECF No. 1-2 at ¶¶ 153–155.

## II. ARGUMENT

### A. Standard of Review.

Fed. R. Civ. P. 12(e) provides that a party may move for a more definitie statement when the pleading is "so vague and ambiguous that the party cannot reasonably prepare a response." Fed R. Civ. P. 12(e). The Rule provides in its entirety that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

A court may grant a motion when the defendant cannot ascertain the substance of the asserted claim. *See Kasper v. Las Vegas Metro. Polic Dep't.*, 2026 U.S. Dist. LEXIS 102254 at *3 (D. Nev. May 7, 2026) (citing *Buckely v. Cnty of San Mateo*, 2015 U.S. Dist. LEXIS 135749, at *5 (N.D. Cal. Oct. 2, 2015)). While Rule 12(e) motions are within the discretion of this Court, this Court "may allow leave to amend the pleading to make it consistent with the rules of pleading outlined in Fed.

R. Civ. P. 8." *See Kasper*, U.S. Dist. LEXIS 102254 at *3 (D. Nev. May 7, 2026) (citing *Mason v. Cnty. Of Orange* 251 F.R.D. 562, 563 (C.D. Cal. 2008)).

**B. Plaintiff's Complaint Fails to Specify Which Defendants Engaged in Wrongdoing.**

Candela Corporation cannot reasonably answer the Complaint as drafted. A motion for more definite statement aims to cure unintelligibility rather than lack of detail. *See Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984). A common form of a pleading subject to Rule 12(e) motion is one where "the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *See Harris v. HSN, Inc.*, 2024 U.S. Dist. LEXIS 167841, at *4 (citing *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1076 (C.D. Cal. 1994)). Moreover, other district courts have granted Rule 12(e) motions when there are "cases with multiple defendants where plaintiff uses the omnibus term "Defendants" throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *See Harris v. HSN, Inc.*, 2024 U.S. Dist. LEXIS 167841, at *4 (citing *Sollberger v. Wachovia Sec.*, LLC, 2010 U.S. Dist. LEXIS 66233, at *12 (C.D. Cal. June 30, 2010)).

Here, Plaintiff's Complaint repeatedly refers to the defendants in this action as "Candela" or "Defendants" to refer to both Candela Corporation and Candela Medical, Inc. *See*, Complaint (ECF No. 1-2), ¶ 28, *passim*. Candela Corporation cannot ascertain which allegation contained in the Complaint give rise to Candela Corporation. Plaintiff clumps Candela Corporation and Candela Medical, Inc. into the same category without ever specifically pleading what Candela

Corporation did wrong because Plaintiff only refers to "Candela" throughout the Complaint. *See* Complaint, ECF No. 1-2, *passim*. Plaintiff never specifically identifies either party throughout the Complaint, thus Plaintiff should amend its Complaint to adequately identify which actions each Defendant took to adequately respond to the pelading.

**C. Plaintiff's First Cause of Action Fails to Identify the Statute Under Which it Alleges a Deceptive Trade Practice.**

Plaintiff's first cause of action alleges a deceptive trade practice under NRS 598.0915–598.0925. *See,* ECF No. 1-2 at ¶¶ 156–171. This broad range of statutes covers fourteen different statutes that define a specific conduct which the Nevada Legislature has defined as a deceptive trade practice. Candela Corporation cannot possibly answer without further identification of the statute it is alleged to have violated. This sort of shotgun pleading prevents Candela Corporation from even being able to determine whether Plaintiff has adequately pleaded any particular statutory violation.

**D. Plaintiff's Second and Third Causes of Action Fail to Satisfy the Heightened Pleading Standard Required of Fraud Claims.**

Plaintiff's second and third causes of action asserts a claim of fraudulent concealment or intentional misrepresentation, and negligent misrepresentation. *See,* ECF No. 1-2 at ¶¶ 172–190 and 191–202.

Fed. R. Civ. P. 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

Here, Plaintiff's Complaint fails to meet this heightened pleading standard. The Ninth Circuit has continuously held that "[t]o properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged.'" *Klin v. Cloudera, Inc.* 121 F.4th 1180, 1187 (9th Cir. 2024) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (internal citations omitted)). Here, Plaintiff fails to live up to this heightened pleading standard. Instead, Plaintiff simply makes conclusory statements regarding the alleged fraud. *See* Complaint (ECF No. 1-2) at ¶¶ 172–190.

For example, Plaintiff fails to identify the timeframe of any alleged concealment or misrepresentation. This fact is critical in providing an adequate response because it would identify the underlying service documents, warranties, and repair communications in order to fashion a response. Additionally, Plaintiff fails to identify how any concealment or misrepresentation was relied upon.

Plaintiff's second cause of action also combines two distinct legal theories into one cause of action. *Compare Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995 (establishing the elements of fraudulent concealment as: "(1) The defendant must have concealed or suppressed a material fact; (2) The defendant must have been under a duty to disclose the fact to the plaintiff; (3) The defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, that is, he must have concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than he would if he knew the fact; (4) The plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; (5) And, finally, as a result of the concealment or suppression of the fact, the plaintiff must

have sustained damages"); *with Blanchard v. Blamchard*, 108 Nev. 908, 911, 839 P.2d 1320, 1322 (Nev. 1992) (establishing elements of intentional misrepresentation as: "the defendant made a false representation to him, with knowledge or belief that the representation was false or without a sufficient basis for making the representation. Further, the plaintiff must establish that the defendant intended to induce the plaintiff to act or refrain from acting on the representation, and that the plaintiff justifiably relied on the representation. Finally, the plaintiff must establish that he was damaged as a result of his reliance").

Here, Candela Corporation cannot reasonably prepare a response a responsive pleading to the cause of action because Plaintiff blurs the lines in this cause of action. As pleaded, Candela Corporation is speculating as to what allegations support the claims being asserted in the second cause of action. In other words, Candela Corporation cannot ascertain what information was allegedly concealed and what information was allegedly misrepresented. Thus, Candela Corporation cannot "reasonably prepare a response" because of Plaintiff's combination of fraudulent concealment and intentional misrepresentation into one cause of action. This Court should remedy the defective pleading by allowing a more definite statement under Rule 12(e).

**E. Plaintiff's Fails to Identify the Source of the Express or Implied Warranty Allegedly Breached.**

Plaintiff's fifth, sixth, and seventh causes of action allege breach of an express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose. *See,* ECF No. 1-2 at ¶¶ 221–238, 239–249, and 250–260. As noted above, this case involves a total of ten different

agreements between the parties—three Purchase Agreements and Seven Service Agreements. The generic allegations that Candela Corporation expressly or impliedly warranted a laundry list of items renders Candela Corporation unable to reasonably prepare a response.

Plaintiff identifies the exact problem with its pleading in ¶¶ 246 and 257 of its Complaint (ECF No. 1-2), which both read:

> To the extent Candela contends any implied-warrantly claim based on original machine purchases is time-barred or disclaimed, Plaintiff pleads this claim in the alternative and alleges that the claim also arises from defective replacement components, repair parts, YAG Heads, post-sale repair undertakings, warranties that extended to future performance, and Candela's ongoing repair and replacement conduct within the limitations period.

*See,* ECF No. 1-2 at ¶¶ 246, 257. Candela Corporation cannot possibly prepare a responsive pleading or determine applicable statute of limitations without identification of the specific agreement supplying the implied warranty. Nor can Candela Corporation reasonably respond to the shifting claim in the alternative within the same cause of action.

For these reasons a more definite statement is warranted.

**F. Plaintiff's Complaint Fails to Specify Which Contract it Seeks to Enforce.**

Plaintiff's eighth and ninth causes of action allege breach of contract and breach of the implied covenant of good faith and fair dealing. *See,* ECF No. 1-2 at ¶¶ 261–271 and 272–283. As previously stated, this case involves a total of ten agreements between the parties. Candela Corporation cannot "reasonably prepare a response" because Candela Corporation cannot ascertain which contract Plaintiff seeks to enforce. Instead, Plaintiff broadly claims that it seeks a cause of action for

"breach of contractual service, repair, and replacement-part obligations" but includes in its list of agreements "purchase agreements, written service agreements, warranty agreements, repair orders, work orders, past orders, replacemetns-part transactions, oral repair undertakings, and course-of-performance agreements." *See,* ECF No. 1-2 at ¶¶ 262, 273.

Plaintiff's "alternative cause[s] of action" fail to identify which contract the Complaint seeks to enforce or alleges has been breached. Throughout its Complaint, Plaintiff mentions various agreements but never explicitly pins down which agreement is the subject of any given claim or cause of action. *See* Complaint (ECF No. 1-2) at ¶¶ 42, 43, 45, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 144, 146, 154, 155 218, 222, 262, 265, 268, 269, 273, 274, 281, 291 (mentioning the words "agreement[s]" and/or "contract[s]"). Instead, Plaintiff pulls bits and pieces from the various contracts and agreements leaving Candela Corporation unable to response. For example, if the allegation was referencing a Service Agreement the response might be to admit whereas if the allegation was referencing a Purchase Agreement the response might be to deny. Thus, to "reasonably prepare a response" to Plaintiff's claims, Candela should not be forced to speculate to prepare a response. This type of improper pleading warrants corrective action in the form of a more definite statement. Therefore, Candela Corporation seeks a more definite statement under Rule 12(e) so it can properly respond to the Complaint.

**G. Plaintiff's Complaint Fails to Specify Which Machines Were Affected.**

Candela Corporation cannot adequately answer the Complaint because Plaintiff fails to identify which "machines" broke down. *See* ECF No. 1-2, at ¶¶ 76–89.

Here, Candela Corporation cannot answer the Complaint (ECF No. 1-2) as currently formatted because the Complaint fails to identify what machines broke down by not giving sufficient detail that Candela Corporation can answer the Complaint. Plaintiff's lack of identification makes the paragraphs in this section of the complaint "so vague or ambiguous" because the phrase "the machines" does not sufficiently identify how many machines allegedly broke down, which machines allegedly broke down, or any other identifying characteristics to which Candela Corporation could "reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

Thus, Candela Corporation seeks an amended to better understand the allegations about "the machines" in its response.

## III. CONCLUSION

Plaintiff's current Complaint is "so vague and ambiguous" that Candela Corporation cannot adequately prepare a response because the Complaint fails to make allegations to which Candela Corporation can identify what machine is at issue, what contract/agreement is at issue, or what factual allegations are being made with respect to claims of fraud. Candela Corporation asks this Court to grant this motion for a more definite statement under Fed. R. Civ. P. 12(e) allowing plaintiff

to amend its Complaint so that Candela Corporation may adequately file its proper responsive pleading.

KAEMPFER CROWELL

Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **CANDELA CORPORATION'S MOTION FOR MORE DEFINITE STATEMENT** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

Max Kelner, No. 16557
LAW OFFICE OF MAX KELNER, ESQ
9173 Weeping Hollow Avenue
Las Vegas, Nevada 89178
max@maxkelnerlaw.com
maxkelner714@gmail.com

Attorney for Plaintiff
LED Consulting LLC

DATED August 28, 2026

Desiree Endres
An employee of Kaempfer Crowell

## EXHIBIT INDEX

Exhibit A: 2015 Purchase Agreement

Exhibit B: 2019 Purchase Agreement

Exhibit C: 2021 Purchase Agreement

Exhibit D: Terms and Conditions of Sale

Exhibit E: Service Agreement D3994 (2022–2024)

Exhibit F: Service Agreement D13505 (2022–2024)

Exhibit G: Service Agreement D10937 (2022–2024)

Exhibit H: Service Agreement D16452 (2022–2024)

Exhibit I: Service Agreement D3994 (2025–2027)

Exhibit J: Service Agreement D10937 (2025–2027)

Exhibit K: Service Agreement D16452 (2025–2027)