KAEMPFER CROWELL
Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: msaragosa-stratton@kcnvlaw.com

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LED CONSULTING LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CANDELA CORPORATION, a Delaware corporation; CANDELA MEDICAL, INC., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:26-cv-02650-MDC<br><br>**CANDELA CORPORATION'S MOTION TO TRANSFER VENUE**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant Candela Corporation ("Candela") moves to transfer venue to the Masachusetts District Court pursuant to 28 U.S.C. §§ 1404 and 1406 and the exclusive forum clause of the governing agreements between the parties.

Pursuant to LR 7-2 and based on the Memorandum of Points and Authorities below, together with the pleadings and papers on file herein and any oral

argument that may be adduced at a hearing of this matter, the Court should grant this motion.

KAEMPFER CROWELL

Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

## POINTS AND AUTHORITIES

## I. INTRODUCTION

Nevada is an improper jurisdiction and venue for Plaintiff to pursue its action because the parties contractually agreed that disputes arising under or related to the Purchase Agreements ("Purchase Agreements") and Candela Service Agreements ("Service Agreements") would be litigated exclusively in the Commonwealth of Massachusetts. Despite the unambiguous contractual clause, Plaintiff filed this action in the Eighth Judicial District Court in Nevada. Candela promptly removed this action to the Nevada District Court (ECF No. 1) and seeks transfer to the United States District Court in the District of Massachusetts.

## II. RELEVANT FACTUAL BACKGROUND

### A. Candela Corporation.

Candela Corporation ("Candela") is a leading U.S.-based global medical aesthetic device company headquartered in Marlborough, Massachusetts, which develops and manufactures medical aesthetic laser, IPL, and RF micro-

needling machines.[1] Candela also provides service maintenance plans to industry professionals who purchase their devices. Exs. F–L, Service Agreements.

**B. The Candela Agreements.**

In October 2015, Plaintiff purchased a GentleMax Pro System w/DCD from Candela. In December 2019 Plaintiff purchased a second GentleMax Pro System w/DCD. In May 2021, Plaintiff purchased a third GentleMax Pro System w/DCD. (collectively, the "Devices").

Each of the purchases was documented on a Syneron-Candela Purchase Agreement (the "Purchase Agreements"). Exs. B–D, Purchase Agreements. The relevant 2015 and 2019 Purchase Agreements—albeit outside of the statute of limitations for enforcement purposes—contain the following clause:

> [t]he undersigned parties agree that any purchase of any Equipment of Services pursuant to this Quote will be subject to Syneron Candela's Purchase Agreement and standard Terms and Conditions of Sale."

Ex. B at p. 1; Ex. C at p. 2.

Each of the Purchase Agreements further states:

> By signing below, the Purchaser hereby acknowledges that Purchaser is entering into a binding contract (this "Agreement") to purchase the equipment/services described below. This Agreement includes and incorporate by reference Syneron Candela's then-current Terms and Conditons of Sale ("Terms and Conditions of Sale").

Ex. B at p. 2; Ex. C at p. 3–C; Ex. D at p. 1.

---

[1] https://candelamedical.com/about-candela/ (*last accessed* August 26, 2026)

In a separate disclosure on the same Purchase Agreements is the following acknowledgment:

> **The Purchase hereby acknowledges that purchaser has received, reviewed, understands and accepts Syneron Candela's Terms and Conditions of Sale available at http://syneron-candela.com/na/content/terms-and-conditions-sale.**

Ex. B at p. 2; Ex. C at p. 4; Ex. D at p. 2. (emphasis in originals).

The Terms and Conditions of Sale include a forum-selection clause as follows:

> **17. Governing Law, Jurisdiction, Venue, and Waiver of Jury Trial:** The Related Documents and any related claims shall be governed by, construed and enforced exclusively in accordance with the laws of the Commonwealth of Massachusetts, without reference to its conflict of law provisions. Purchaser hereby consents and submits to the *exclusive personal jurisdiction in, and hereby stipulates that venue shall be proper in, the state and federal courts located in the Commonwealth of Massachusetts, and further agrees to bring any such action exclusively in such courts.* Notwithstanding the foregoing, Syneron Candela reserves the right to institute proceedings against Purchaser at any time before a court of competent jurisdiction under applicable law. The parties expressly waive the applicability of the UN Convention on the International Sale of Goods THE PARTIES HEREBY WAIVE TRIAL BY JURY IN ANY LITIGATION IN ANY COURT WITH RESPECT TO, IN CONNECTION WITH, OR ARISING OUT OF THE RELATED DOCUMENTS. THE PARTIES AGREE THAT THIS SECTION CONSTITUTES A SPECIFIC AND MATERIAL ASPECT OF THESE TERMS AND THAT THE PARTIES WOULD NOT HAVE ENTERED INTO THE RELATED DOCUMENTS IF THIS SECTION WERE NOT INCLUDED IN THESE TERMS.

Ex. E, Terms and Conditions of Sale at § 17 (italicized emphasis added).

Following the purchase of the Devices, Plaintiff entered into several Candela Service Agreements (the "Service Agreements"), as follows:

| Service Agmt. Number | Effective Dates | Serial Number of Device Covered |
|---|---|---|
| S3988-D3994 | 07/20/22 – 07/19/24 | 9914-9035-3994 |
| W3988-D10937 | 07/20/22 – 07/19/24 | 9914-9035-10937 |
| S3988-D13505 | 07/20/22 – 07/19/24 | 9914-9035-13505 |
| W3988-D16452 | 10/14/22 – 10/13/24 | 9914-9035-16452 |
| T3988-D16452 | 01/11/25 – 01/10/27 | 9914-9035-16452 |
| T3988-D3994 | 01/11/25 – 01/10/27 | 9914-9035-3994 |
| T3988-D10937 | 01/11/25 – 01/10/27 | 9914-9035-10937 |

Exs. F–L, Service Agreements.

Each of the Service Agreements provides a forum-selection clause which provides in pertinent part:

> **18. Governing Law, Jurisdiction and Venue**
> This Service Agreement, and the rights and remedies provided hereunder, and *all claims, disputes and controversies arising hereunder or related hereto*, shall be governed by and construed under and enforced in accordance with the internal laws of the Commonwealth of Massachusetts, without reference to choice of law or conflicts of law principles. The Customer and other party who asserts rights through or under the Customer, *consents to the jurisdiction of any state or federal court located within the Commonwealth of Massachusetts*, and further waives any objection to jurisdiction and venue of any action instituted hereunder, and further agrees not to assert any defense based on lack of jurisdiction or venue, including forum non conveniens. Personal service of any summons, complaint or other process may be made by any means permitted by law. *Venue of any action brought to enforce or relating to this Service Agreement shall be brought exclusively in the state or federal courts in the Commonwealth of Massachusetts*.

*See* Exs. F–L, Service Agreements at § 18 (emphasis added).

## III. ARGUMENT

### A. The Forum-Selection Clauses Apply to Plaintiff's Claims.

Plaintiff contends that the forum-selection clauses of the Purchase Agreements and Service Agreements do not apply to its claims. ECF No. 1-2 at ¶¶ 42–43. Candela disagrees.

Under the Terms and Conditions, the forum-selection clause applies to the "related documents and any related claims". Ex. E, Terms and Conditions. By the terms of the Service Agreements, the forum-selection clause applies to "*any action brought to enforce or relating to"* the Service Agreements. Exs. F–L at § 18. Forum-selection clauses "covering actions 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement." *Sun v. Advances China Healthcare, Inc.,* 901 F.3d, 1081, 1086 (9th Cir. 2018) (holding that claims of fraud were governed by the forum selection clause of a share purchase agreement because monies invested were pursuant to those agreements).

Each of Plaintiff's claims relate to the sale or service of Plaintiff's Devices between December 2023 and March 2025. ECF No. 1-2, at ¶¶ 76–79. The claims assert Candela technicians were dispatched pursuant to the Service Agreements to diagnose, repair, service, and replace failed components. *Id.* at ¶ 79. Plaintiff's deceptive trade practice claim alleges Candela failed "to timely provide non-defective replacement components", failed "to timely provide effective repairs", and failed to timely restore the machines to reliable working condition." *Id.* at ¶ 164. Plaintiff's fraudulent concealment claim is alleged to have "occurred *in connection with* service calls, repair visits, replacement-part communications,

customer-service communications, and technician interactions . . ." *Id.* at 183. Plaintiff's negligent misrepresentation claim identifies the representations as, "replacement components, repair process, service network, technician work, and parts supply would restore the machines to reliable commercial operation." *Id.* at 194. Plaintiff's claim of negligent repair asserts Candela's breaches are all related to repairs or replacement parts. *Id.* at ¶¶ 210–217. Plaintiff's breach of warranty claims also arise directly from thePurchase Agreements. *Id.* at ¶¶ 222–229, 242–244, 246.

Plaintiff's attempt to narrow the application of the forum-selection clause to solely the breach of contract claim is contrary to controlling case law and should be rejected.

**B. The Forum Selection Clause is Mandatory.**

In determining the enforceability of a forum-selection clause, courts must look to whether the language is mandatory and permissive. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987) (holding that in order to have a clause considered mandatory the clause must require that the designated courts are the only ones which have jurisdiction).

Here, the Purchase Agreement, through the Terms and Conditions of Sale, state, "Purchase hereby consents and submits to the *exclusive* personal jurisdiction in, and hereby stipulates that venue is proper in, the state and federal courts located in the Commonwealth of Massachusetts, and further ragrees to bring any such action *exclusively* in such courts." Ex. E at § 17. Likewise, the Service Agreements' forum-selection clause expressly states "[v]enue of any action brought to enforce or relating to this Service Agreement *shall* be brought *exclusively* in the

state or federal courts in the Commonwealth of Massachusetts." Exs. F–L at § 18 (emphasis added). Words such as "shall" and "exclusively" render the forum-selection of Massachusetts mandatory and enforceable.

Given its mandatory language, the court should strictly enforce the forum-selection clause.

**C. The Forum Selection Clause is Enforceable.**

A motion to transfer is governed by 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. 1404(a).

The United States Supreme Court has explained that § 1404(a) merely codified the forum nonconveniens doctrine for those cases sought to be transferred within the federal court system. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Tex.,* 571 U.S. 49, 60, 134 S.Ct.568 (2013) "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62; *see also Sun*, 901 F.3d at 1084.

Plaintiff bears the burden of demonstrating why the court should not transfer the case to the court in which the parties agreed. *Id.* at 64; *Sun*, 901 F.3d at 1087. Plaintiff's express consent to the Massachusetts venue must be adhered to and its subsequent choice of Nevada given no weight. *See, Id.* at 63–64 (finding the

party defying the forum-selection clause bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.)

Additionally, the court must deem all factors related to the parties' private interests as weighing "entirely in favor of the preselected forum." *Id.* at 63. The "enforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* "Only under extraordinary circumstances unrelated to the convenience of the parties" should a motion to transfer based on a forum-selection clause be denied. *Id.* at 62.

Here, there are no extraordinary circumstances that would prevent transfer.

## IV. CONCLUSION

Based upon the foregoing, Defendants ask this Court to transfer the case to the United States District Court of Massachusetts because the parties' valid, enforceable, and mandatory Forum Selection Clause warrants that this litigation proceed in the bargained-for forum.

KAEMPFER CROWELL

Melissa A. Saragosa-Stratton

Melissa Saragosa-Stratton, No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorney for Defendants Candela Corporation and Candela Medical, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **CANDELA CORPORATION'S MOTION TO TRANSFER VENUE** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

Max Kelner, No. 16557
LAW OFFICE OF MAX KELNER, ESQ
9173 Weeping Hollow Avenue
Las Vegas, Nevada 89178
max@maxkelnerlaw.com
maxkelner714@gmail.com

Attorney for Plaintiff
LED Consulting LLC

DATED August 28, 2026

Desiree Endres
An employee of Kaempfer Crowell

## EXHIBIT INDEX

| | |
|---|---|
| Exhibit A: | Declaration of Robert Blood |
| Exhibit B: | 2015 Purchase Agreement |
| Exhibit C: | 2019 Purchase Agreement |
| Exhibit D: | 2021 Purchase Agreement |
| Exhibit E: | Terms and Conditions of Sale |
| Exhibit F: | Service Agreement D3994 (2022–2024) |
| Exhibit G: | Service Agreement D13505 (2022–2024) |
| Exhibit H: | Service Agreement D10937 (2022–2024) |
| Exhibit I: | Service Agreement D16452 (2022–2024) |
| Exhibit J: | Service Agreement D3994 (2025–2027) |
| Exhibit K: | Service Agreement D10937 (2025–2027) |
| Exhibit L: | Service Agreement D16452 (2025–2027) |