**DPSO**
Max Kelner, Esq.
Nevada Bar #16557
9173 Weeping Hollow Ave.
Las Vegas, NV 89178
(714) 357-1831
max@maxkelnerlaw.com
*Attorney for Plaintiff LED Consulting LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LED CONSULTING LLC, a Nevada limited liability company,

Plaintiff,

vs.

CANDELA CORPORATION, a Delaware corporation; CANDELA MEDICAL, INC., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,

Defendants.

Case No. 2:26-cv-02650-MDC

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED**

Plaintiff LED Consulting LLC ("LED" or "Plaintiff") and Defendants Candela Corporation and Candela Medical, Inc. (together, "Defendants," and with LED, the "Parties"), by and through their counsel of record, submit this Stipulated Discovery Plan and Scheduling Order under Fed. R. Civ. P. 16(b) and 26(f) and LR 26-1. Because the Parties propose a discovery period longer than 180 days from the date the first defendant appeared, they request special scheduling review and state their reasons in Section III.

## I. RULE 26(f) CONFERENCE

1. The Parties held the conference required by Fed. R. Civ. P. 26(f) and LR 26-1(a) on October 12, 2026, by telephone. Max Kelner, Esq. participated for LED, and Melissa

Saragosa-Stratton, Esq. participated for Defendants. Counsel discussed the matters listed in Fed. R. Civ. P. 26(f)(2) and (3) and LR 26-1(b), including the nature and basis of the claims and defenses, the possibilities for prompt settlement or resolution, the preservation of discoverable information, and the terms of this plan.

2. In their Joint Status Report, the Parties stated that the conference would be held on October 1, 2026, or on another agreed date no later than October 8, 2026, and that they would seek leave by separate stipulation or motion to the extent leave was required for its timing (ECF No. 18 ¶ 7). The conference was not held by October 8, 2026, because Plaintiff's counsel did not confirm and calendar it; Defendants did not cause the delay. On recognizing the oversight, Plaintiff's counsel contacted defense counsel on October 9, 2026, and circulated a draft of this plan the same day, and the Parties held the conference on October 12, 2026. This stipulation is the request contemplated by ECF No. 18 ¶ 7. To the extent leave of Court is required for the timing of the conference or of this plan, the Parties stipulate that the delay resulted from excusable neglect (*see* LR IA 6-1(a); LR 26-3): it was brief, it was corrected promptly and in good faith, and it has caused no prejudice, because no discovery has been served, no scheduling order has been entered, and the schedule proposed below accounts for the time that has passed. The Parties therefore request that the Court accept this plan as timely.

## II. STATUS OF THE CASE

3. LED commenced this action in the Eighth Judicial District Court, Clark County, Nevada, on June 30, 2026 (Case No. A-26-950144-C). Defendants removed it on August 21, 2026 (ECF No. 1). The Complaint asserts ten claims arising from LED's purchase of GMAX-PRO (GentleMax Pro) laser systems and related components and from the service and repair of those systems (ECF No. 1-2; ECF No. 18 ¶ 1). Plaintiff demanded a jury trial in the Complaint (ECF No. 1-2 § XVII; ECF No. 18 ¶ 9).

4. Candela Corporation's Motion for More Definite Statement (ECF No. 5) and Motion to Transfer Venue (ECF No. 6) are fully briefed and pending. Candela Medical, Inc. filed a joinder in those motions on September 17, 2026 (ECF No. 11). No Defendant has answered the Complaint. No party has moved to stay discovery, and the Parties will proceed under this plan

unless the Court orders otherwise. *Cf.* Second Amended Standing Order & Chambers Practices (eff. Aug. 17, 2026) ("Standing Order"; *see* ECF No. 19) § II.A (the filing of a motion to dismiss does not stay discovery; a party seeking a stay must file a motion).

5. This stipulation addresses procedure only. Neither its terms nor any Party's participation in discovery under it waives or concedes any Party's claims, defenses, or objections, or alters the Parties' positions, stated in the Joint Status Report (ECF No. 18 ¶¶ 5–6, 13–15), on Candela Corporation's pending motions (ECF Nos. 5, 6), Candela Medical, Inc.'s joinder (ECF No. 11), or LED's Application for Clerk's Entry of Default (ECF No. 10-4). This stipulation does not preserve or revive any claim, defense, or objection that was waived or forfeited before its entry, and it does not limit any Party's use of information obtained in discovery in support of or in opposition to any motion, including ECF No. 6. Listing a subject of discovery in this plan does not waive any objection to a particular discovery request.

6. If this action or any claim in it is transferred, discovery taken under this plan will remain available for use in the transferee court as if taken there, subject to the applicable rules of evidence, and the Parties will meet and confer within 14 days after the transfer order about any needed changes to the schedule. No Party's agreement to this paragraph is a concession that transfer is warranted.

## III. REASONS FOR SPECIAL SCHEDULING REVIEW (LR 26-1(a))

7. The Parties request a discovery period of 270 days measured from August 21, 2026, the date the first defendant appeared by removing the action (ECF No. 1). A period longer than 180 days is warranted for the following specific reasons:

(a) *Technical product and service claims.* LED alleges that the systems and their components, including replacement YAG laser heads, were defective and were not properly repaired or serviced, causing repeated downtime (ECF No. 1-2 ¶¶ 81–91, 93–96); Defendants dispute those allegations. LED anticipates seeking engineering, testing, failure-analysis, service, repair, and parts records and the systems' operating and error data, and the Parties anticipate expert analysis of that material.

(b) *Multi-year transaction and service history.* Candela Corporation's motion papers include documents described as three purchase agreements (2015, 2019, and 2021), terms and conditions of sale, and seven service agreements with stated terms running from 2022 into 2027 (ECF No. 6 at 3–5; ECF Nos. 6-2 to 6-12; *see also* ECF Nos. 14, 15), and identify four system serial numbers (ECF No. 5 at 3; ECF No. 6 at 5). Discovery will address the formation and terms of those documents, the service and parts history of each system, and whether and to what extent each Defendant was involved in the sale, warranty, or service of the systems.

(c) *Inspection and system data.* The Parties anticipate inspection of the systems and of any components removed from them during service, wherever located, under Fed. R. Civ. P. 34 or 45 as applicable, using a non-destructive protocol agreed by the Parties with each side's experts present, and collection of the systems' software, log, and service data, including any data transmitted from the systems to Defendants, which may contain patient information that requires protective-order handling.

(d) *Expert discovery.* The Parties anticipate expert testimony in at least two areas, laser and medical-device engineering (failure analysis, repair, and service practices) and economic damages (lost profits, business valuation, and diminution in value), and anticipate rebuttal experts. Expert analysis will depend on the production of service records, parts records, and system data and on completion of any inspection.

(e) *Depositions and witnesses.* The Parties presently anticipate up to ten fact depositions per side, plus depositions of each side's retained experts (*see* paragraph 16). The fact depositions are expected to include Rule 30(b)(6) depositions of each Party, the field service technicians who worked on the systems, sales and service-agreement personnel, engineering personnel responsible for the YAG laser heads, and LED's principal and staff. LED's spa business, where the systems were used, operated in Las Vegas, Clark County, Nevada (ECF No. 1-2 ¶¶ 21–22), and Candela Corporation states that its headquarters and principal place of business are in Massachusetts (ECF No. 6-1 ¶ 3). The technicians and other personnel who worked on the sale and service of the

systems have not yet been identified in disclosures or discovery, and their identities and locations will need to be established before those depositions can be scheduled.

(f) *Pending motions.* Candela Corporation's motions (ECF Nos. 5, 6) and Candela Medical, Inc.'s joinder in them (ECF No. 11) remain pending, and no answer has been filed. As the Parties stated in the Joint Status Report, neither motion stays discovery (ECF No. 18 ¶ 7). The requested period accounts for any amendment of the pleadings that may follow the Court's rulings, so that the Parties do not need to seek extensions on that ground.

8. The Parties will pursue discovery diligently and understand that any later request to extend these deadlines must satisfy LR 26-3.

## IV. DISCOVERY PLAN (Fed. R. Civ. P. 26(f)(3))

### A. Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))

9. The Parties will exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than October 26, 2026, 14 days after the Rule 26(f) conference. No change is proposed to the form or requirement for those disclosures.

### B. Subjects, Timing, and Phasing (Fed. R. Civ. P. 26(f)(3)(B))

10. Discovery may begin immediately and will not be phased or limited to particular issues. The Parties anticipate discovery on the following subjects, among others:

(a) the negotiation, sale, delivery, installation, and performance of the laser systems and their related components, accessories, software, and firmware;

(b) the formation, terms, and applicability of the purchase agreements, terms and conditions of sale, warranties, and service agreements on which any Party relies, including the forum-selection, choice-of-law, jury-waiver, limitation-of-remedy, and limitations provisions; the content of the terms and conditions posted at each web address designated in those documents on each purchase date; and the execution of each service agreement;

(c) service, repair, maintenance, and replacement-part requests, dispatches, work orders, technician notes, field-service reports, return-materials authorizations, and related communications;

(d) the systems' operating, error, usage, and remote-support data, and any software or firmware updates;

(e) reported or suspected defects, failures, complaints, field actions, service bulletins, design changes, and redesigns concerning GentleMax Pro (GMAX-PRO) systems or their components, including YAG laser heads, whether involving LED's systems or those of other customers, including the nature, cause, frequency, and geographic scope of YAG laser head failures; related engineering, testing, root-cause, supplier, and warranty-claim records; any reports to regulators; and Defendants' knowledge of those matters;

(f) the representations and communications between the Parties concerning the systems, their performance, and their repair;

(g) whether, and to what extent, each of Candela Corporation and Candela Medical, Inc. participated in the sale, warranty, or service of the systems, and the corporate relationship, if any, between them, including ownership, officers, shared personnel, intercompany agreements, use of the "Candela" name and the candelamedical.com website, and the employer of each technician who serviced the systems;

(h) LED's claimed damages and Defendants' defenses to them; and

(i) the Parties' other claims and defenses, including any affirmative defenses.

**C. Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

11. *Preservation.* Each Party will take reasonable steps to preserve discoverable information in its possession, custody, or control, including email and other electronic communications; text and messaging-application messages; service-ticket, dispatch, work-order, technician-note, field-service-report, return-materials-authorization (RMA), and customer-relationship records; engineering, design, testing, failure-analysis, supplier, and redesign records, and complaint, field-action, and service-bulletin records, concerning the YAG laser heads and other components of the same model systems; electronic-signature records; and the systems'

machine-generated data, including logs, error codes, usage counters, and remote-support, service-portal, and other data transmitted from the systems. Each Party will also take reasonable steps to preserve any of the systems, and any component removed from the systems during service (including any laser head) that it can reasonably identify, that is in its possession, custody, or control. No Party will refurbish, return to service, scrap, or alter any such removed component, or scrap or dispose of any such system, without 30 days' written notice to the other Parties. Ordinary operation of a system does not violate this paragraph. Nothing in this plan is a representation by any Party about the present location, custody, or condition of any system or component, and this paragraph does not limit or define any preservation obligation that arose before its entry.

12. *Form of production.* Email and other electronically stored documents will be produced either (i) as single-page TIFF images with extracted text and standard load files containing the following metadata where it exists: beginning and ending Bates numbers, custodian, author, from, to, cc, bcc, subject, file name, date sent, date created, date last modified, and hash value; or (ii) in native format with metadata intact (for email, as EML, MSG, or MBOX files), with Bates-numbered file names or slip sheets. Spreadsheets, audio and video files, and machine-generated logs or data exports will be produced in native format, and service-ticket, dispatch, customer-relationship, RMA, remote-support, and other database records as native exports containing all fields maintained, or in another format the Parties agree to, each with a Bates-numbered slip sheet. Email will be produced with its attachments as families. A Party may request native production of specific documents for good cause. The Parties will confer in good faith about any other format issues as they arise.

13. *Inspection of systems and components.* Any inspection of the systems or of components removed from them, whether under Fed. R. Civ. P. 34 or by subpoena under Fed. R. Civ. P. 45, will occur on reasonable written notice at a mutually agreed date, time, and place. No Party will conduct destructive testing, disassemble a system or component beyond ordinary service access, or alter a system's software, firmware, or stored data without the written agreement of all Parties or a Court order, except that ordinary operation of a system, and the data

changes that result automatically from that operation, do not violate this paragraph. Each Party may attend, photograph, and video-record any inspection, and any data extracted during an inspection will be made available to all Parties. No Party will remotely access, update, or alter a system's software, firmware, or stored data without first preserving a copy of the affected software version, logs, and stored data and giving reasonable advance written notice to the other Parties. If the Parties do not agree on the date, time, place, or protocol of an inspection within 14 days after a written request, either side may raise the matter under Standing Order § II.B.

**D. Protective Order and Use of Artificial Intelligence**

14. The Parties will confer and submit a stipulated protective order under Fed. R. Civ. P. 26(c), including a recitation of the specific facts showing good cause, within 30 days after the Rule 26(f) conference. Consistent with Standing Order § III.3, the proposed order will address the use of artificial-intelligence tools with discovery material. It will permit counsel, the Parties, and their retained experts and vendors to use confidential material with artificial-intelligence tools only in closed systems. A closed system is one used under terms that prohibit the provider from using the material to train models and that require the provider to keep the material confidential, whether the system is hosted by the user or by a commercial provider. The order will prohibit uploading confidential material to any other artificial-intelligence system, including any open system, meaning a system whose source code, learning materials, and underlying models may be publicly accessible. It will also address treatment data and other patient information that may be stored on or transmitted from the systems; the presence of such information will not by itself justify withholding or delaying production of system data, which may be de-identified where practicable. The Parties acknowledge the restrictions of Standing Order § III.4.

15. Until a protective order is entered, a producing Party may in good faith designate material as confidential. The receiving Party will use designated material solely for this litigation and may disclose it only to counsel of record and their staff; the Parties and their officers and employees assisting with this litigation; retained experts and consultants; court reporters and videographers; litigation-support, e-discovery, and closed-system artificial-intelligence service

providers (as described in paragraph 14) used by counsel, the Parties, or their experts; any mediator; during a deposition, the material's author or recipient or a current employee of the producing Party; and the Court. A Party seeking to file designated material will comply with LR IA 10-5. A Party may challenge a designation under Standing Order § II.B, and the designating Party bears the burden of showing good cause under Fed. R. Civ. P. 26(c). No Party will delay production because a protective order has not yet been entered.

**E. Limitations on Discovery and Depositions (Fed. R. Civ. P. 26(f)(3)(E))**

16. Except as stated in this paragraph, the limitations on discovery in the Federal Rules of Civil Procedure and the Local Rules apply without change. Each side may take up to ten fact depositions under Fed. R. Civ. P. 30(a)(2)(A); depositions of experts disclosed under Fed. R. Civ. P. 26(a)(2) do not count toward that limit. A Rule 30(b)(6) deposition of a Party counts as one deposition. Each Party will make its current officers and employees available for deposition on notice, without a subpoena. Under Fed. R. Civ. P. 30(b)(4), depositions may be taken by remote means. Unless the Parties agree otherwise, depositions will be taken by videoconference, and the location of any in-person deposition will be agreed by the Parties or set by the Court.

**F. Service by Email**

17. Under Fed. R. Civ. P. 5(b)(2)(E), the Parties consent in writing to service by email of discovery requests and responses, disclosures, and other papers not served through CM/ECF, including documents filed under seal that LR IC 4-1(c)(4) would otherwise require to be served in paper, at the following addresses: for LED, max@maxkelnerlaw.com; for Defendants, msaragosa-stratton@kcnvlaw.com and dendres@kcnvlaw.com. Service by email is complete upon sending but is not effective if the sender learns that it did not reach the person to be served, and Fed. R. Civ. P. 6(d) adds no time to a period that runs from it.

**G. Discovery Disputes and Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

18. Any discovery dispute between the Parties that is presented to this Court, including a dispute about electronically stored information, an inspection under paragraph 13, a privilege claim, or confidentiality designations, will be presented through the procedures in

Standing Order §§ II.B–II.C, after lead counsel meet and confer as LR IA 1-3(f) requires, and no discovery motion will be filed in this Court unless the Court orders one. Apart from the protective order the Parties will submit, the Parties do not presently request other orders under Fed. R. Civ. P. 26(c) or 16(b)–(c).

## V. DEADLINES (LR 26-1(b)(1)–(6))

19. *Discovery cut-off (LR 26-1(b)(1)).* The first defendant appeared on August 21, 2026, by filing the Petition for Removal (ECF No. 1). The Parties request 270 days of discovery measured from that date. Discovery will close on **Tuesday, May 18, 2027**.

20. *Amending the pleadings and adding parties (LR 26-1(b)(2)).* Motions to amend the pleadings or to add parties are due by **Wednesday, February 17, 2027**, 90 days before the discovery cut-off. This deadline does not limit any filing that the Court's ruling on ECF No. 5 requires or permits.

21. *Expert disclosures (LR 26-1(b)(3)).* Initial expert disclosures under Fed. R. Civ. P. 26(a)(2) are due by **Friday, March 19, 2027**, 60 days before the discovery cut-off. Rebuttal expert disclosures are due by **Monday, April 19, 2027**, the next court day after the thirtieth day following initial expert disclosures (Sunday, April 18, 2027).

22. *Dispositive motions (LR 26-1(b)(4)).* Dispositive motions are due by **Thursday, June 17, 2027**, 30 days after the discovery cut-off.

23. *Joint pretrial order (LR 26-1(b)(5)).* The joint pretrial order is due by **Monday, July 19, 2027**, the next court day after the thirtieth day following the dispositive-motion deadline (Saturday, July 17, 2027). If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

24. *Fed. R. Civ. P. 26(a)(3) disclosures (LR 26-1(b)(6)).* The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections to them, will be included in the joint pretrial order.

25. *Extensions.* Any motion or stipulation to extend a deadline in this plan must comply with LR IA 6-1 and LR 26-3. Under LR 26-3, a request to extend a deadline in this plan must be received by the Court no later than 21 days before the deadline expires; a request made

within 21 days of the deadline must be supported by a showing of good cause, and a request made after the deadline expires must also show excusable neglect.

## VI. CERTIFICATIONS (LR 26-1(b)(7)–(9))

26. *Alternative dispute resolution (LR 26-1(b)(7)).* The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and, if applicable, early neutral evaluation. LED is willing to participate in an early settlement conference before a magistrate judge of this Court or in mediation in this District (ECF No. 18 ¶ 11). Defendants' position: Candela is amenable to settlement discussions, but prefers those happen after proper venue is determined (ECF No. 18 ¶ 12). The Parties have not agreed to arbitration.

27. *Alternative forms of case disposition (LR 26-1(b)(8)).* The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, including under General Order 2023-11 (*see* ECF Nos. 2, 3). The Short Trial Program referenced in LR 26-1(b)(8) was eliminated by General Order 2023-03 and is not available.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

28. *Electronic evidence (LR 26-1(b)(9))*. Plaintiff has demanded a jury trial. The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations, and they presently intend to do so. The Parties stipulate to produce discovery, to the extent practicable, in electronic formats compatible with the court's electronic jury evidence display system, and they will confer before the joint pretrial order about the format of trial exhibits.

I certify that artificial intelligence was used to generate a portion of this filing. I have reviewed the source material and verified that the artificially generated content in the filing is accurate and complies with the filer's Rule 11 obligations.

DATED: October 13, 2026.

LAW OFFICE OF MAX KELNER, ESQ.
/s/ Max Kelner
Max Kelner, Esq.
Nevada Bar No. 16557
9173 Weeping Hollow Avenue
Las Vegas, Nevada 89178
(714) 357-1831
max@maxkelnerlaw.com
*Attorney for Plaintiff LED Consulting LLC*

KAEMPFER CROWELL
/s/ Melissa Saragosa-Stratton
Melissa Saragosa-Stratton, Esq.
Nevada Bar No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
(702) 792-7000
msaragosa-stratton@kcnvlaw.com
*Attorneys for Defendants Candela Corporation and Candela Medical, Inc.*

IT IS SO ORDERED:

______________________________
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: October 16, 2026