**STIP**
Max Kelner, Esq.
Nevada Bar #16557
9173 Weeping Hollow Ave.
Las Vegas, NV 89178
(714) 357-1831
max@maxkelnerlaw.com
*Attorney for Plaintiff LED Consulting LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LED CONSULTING LLC, a Nevada limited liability company,

Plaintiff,

-vs-

CANDELA CORPORATION, a Delaware corporation; CANDELA MEDICAL, INC., a Delaware corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,

Defendants.

Case No. 2:26-cv-02650-MDC

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

Plaintiff LED Consulting LLC ("LED") and Defendants Candela Corporation and Candela Medical, Inc. (collectively, the "Parties"), through counsel, request entry of this Stipulated Protective Order under Fed. R. Civ. P. 26(c), as contemplated by paragraph 14 of the entered Stipulated Discovery Plan and Scheduling Order (ECF No. 21). The following provisions govern upon entry. "Standing Order" means Judge Couvillier's Second Amended Standing Order & Chambers Practices, effective August 17, 2026 (ECF No. 19).

## I. GOOD CAUSE

1. Discovery in this action is expected to include the categories of information described below. The Parties state that good cause exists under Fed. R. Civ. P. 26(c)(1) to limit the use and disclosure of that information to this litigation, for the following specific reasons:

(a) Engineering and product records. This action concerns GentleMax Pro (GMAX-PRO) laser systems, related components, including replacement YAG laser heads, and service and repair of those systems. The entered discovery plan identifies engineering, design, testing, failure-analysis, root-cause, supplier, warranty-claim, and redesign records, as well as complaint, field-action, and service-bulletin records, including records concerning other customers' systems (ECF No. 21 ¶¶ 7(a), 10(e), 11). To the extent those records disclose non-public designs, testing methods, supplier terms, or development work, unrestricted disclosure could permit competitors to obtain the producer's technical work or commercial terms without incurring the costs of developing or negotiating them. Identifiable third-party customer information could also expose those customers' non-public purchasing and service histories. These risks support limited litigation use of qualifying information; the fact that a record concerns a defect, complaint, or safety issue does not alone make it confidential.

(b) System data and patient information. The entered plan identifies operating, error, usage, software, service, and remote-support data, including data transmitted from the systems, and recognizes that system data may contain patient information (ECF No. 21 ¶¶ 7(c), 10(d), 11, 13–14). Linking an identifiable non-party to treatment details, appointments, or device-use records could reveal private health or treatment information to persons with no litigation need for it. Limiting access and de-identifying where practicable protects those individuals while allowing production of the technical data needed to investigate system performance. This recital does not represent that patient information has already been located or that every system record contains it.

(c) Business and financial records. Discovery concerning LED's claimed damages and Defendants' defenses includes business and financial records (ECF No. 21 ¶¶ 7(d), 10(h)). To the extent responsive records disclose non-public pricing, revenue, payroll, customer

transactions, or business-sale terms, unrestricted disclosure could reveal negotiated terms and financial information to competitors or bargaining counterparties and expose individual customers' transactions or employees' compensation. This Order protects qualifying portions while leaving the opposing Parties able to test the claims and defenses. No designation is justified merely because disclosure might be embarrassing, reveal wrongdoing, or assist another litigant.

2. No blanket protection. This Order permits discovery to proceed without a separate motion for each production, consistent with the Parties' agreement that "[n]o Party will delay production because a protective order has not yet been entered" (ECF No. 21 ¶ 15). It does not confer blanket protection; only material that qualifies under paragraph 5 may be designated.

## II. DEFINITIONS

3. In this Order:

(a) "Action" means this action, including any appeal and, if the action or any claim in it is transferred, the proceedings in the transferee court.

(b) "Discovery Material" means information, documents, electronically stored information, data, tangible things, testimony, and transcripts produced, given, or made available in disclosures or discovery in the Action, including data and other material made available at an Inspection, whether by a Party or by a Non-Party.

(c) "Producing Party" means a Party or Non-Party that produces Discovery Material. "Receiving Party" means a Party that receives it. "Designating Party" means a Party or Non-Party that designates Discovery Material under this Order. "Non-Party" means any person or entity that is not a Party.

(d) "Confidential Material" means Discovery Material designated "CONFIDENTIAL" under this Order, and any copy, excerpt, summary, compilation, or analysis of it, including output generated from it by an Artificial-Intelligence Tool, to the extent that the copy or output discloses its content.

(e) "Artificial-Intelligence Tool" means any software or service that uses artificial intelligence, machine learning, or a large language model to process, analyze, summarize, or generate content from Discovery Material, including an artificial-intelligence feature embedded

in other software. Ordinary email, storage, hosting, optical-character-recognition, and litigation-support functions fall outside this definition only to the extent they do not use artificial intelligence to process the material.

(f) "Closed System" means an Artificial-Intelligence Tool used under terms that prohibit the provider from using the material to train models and that require the provider to keep the material confidential, whether the system is hosted by the user or by a commercial provider (ECF No. 21 ¶ 14).

(g) "Open System" means an Artificial-Intelligence Tool whose source code, learning materials, and underlying models may be publicly accessible (ECF No. 21 ¶ 14; see Standing Order § III.4).

(h) "Patient Information" means treatment data and other information that identifies, or could reasonably be used to identify, an individual who received treatment or services involving the systems at issue, together with information about that individual's treatment, whether stored on or transmitted from the systems or contained in other Discovery Material.

(i) "Personal-Data Identifiers" means the information described in Fed. R. Civ. P. 5.2(a) and LR IC 6-1(a)(1)–(6).

(j) "Inspection" means an inspection of the systems at issue, or of components removed from them, whether under Fed. R. Civ. P. 34 or by subpoena under Fed. R. Civ. P. 45.

## III. SCOPE AND DESIGNATION

4. Scope. This Order governs Discovery Material produced in the Action. It does not restrict any person's use or disclosure of information that is public when it is disclosed to the Receiving Party, or that later becomes public other than through a violation of this Order. It also does not restrict a Party's use or disclosure of documents or information that the Party possessed, or obtained lawfully, other than through discovery in the Action, even if another Party or a Non-Party later produces and designates a copy; any obligation that applies to those documents or that information independently of this Order is unaffected. Nothing in this Order restricts a Producing Party's use or disclosure of its own Discovery Material, or a Designating Party's use or disclosure of its own information.

5. Designation standard. A Designating Party may designate Discovery Material "CONFIDENTIAL" only upon a good-faith determination that disclosure outside this litigation would cause specific prejudice or harm supporting protection under Fed. R. Civ. P. 26(c). Qualifying material may include non-public trade secrets or confidential research, development, or commercial information; Patient Information and Personal-Data Identifiers; or non-public personal, financial, employment, pricing, customer, or business-valuation information. A preexisting confidentiality agreement does not by itself establish good cause. The Designating Party must limit each designation to qualifying material and, where practicable, to qualifying portions. Mass, indiscriminate, or routine designations are prohibited. This standard applies to every designation, including under paragraphs 6(e) and 18. A confidentiality designation is not an independent basis to withhold otherwise discoverable material.

6. Manner of designation. Discovery Material is designated as follows:

(a) documents and images, by marking “CONFIDENTIAL” on each page that contains Confidential Material;

(b) native files, data exports, and machine-generated data, by including “CONFIDENTIAL” in the file name or on the Bates-numbered slip sheet that accompanies the file, and in the transmittal that accompanies the production;

(c) written discovery responses and disclosures, by marking “CONFIDENTIAL” on each response or portion that contains Confidential Material;

(d) deposition testimony, by a statement on the record during the deposition or by written notice that identifies the designated pages and lines within 30 days after the court reporter gives notice that the final transcript is available; until that period ends, the entire transcript is treated as Confidential Material; and

(e) data extracted from a system or component at an Inspection, to the extent it qualifies under paragraph 5, by written notice from any Party, or from the Non-Party in possession of the system or component, within 14 days after the extracted data is made available to all Parties; until that period ends, the extracted data is treated as Confidential Material.

Material designated confidential under the interim protection in ECF No. 21 ¶ 15 before this Order is entered is Confidential Material under this Order without re-designation.

7. Failure to designate. A Party or Non-Party that fails to designate material that qualifies under paragraph 5 may correct the omission by written notice and, if it produced the material, by producing a properly marked copy. After notice, the Receiving Party will treat the material as Confidential Material, will make reasonable efforts to retrieve it from any person not authorized under paragraph 9 and to inform that person of the designation, and will mark or destroy the unmarked copies. A failure to designate does not by itself waive the protection of this Order. This paragraph concerns confidentiality designations only.

## IV. ACCESS AND USE

8. Use. A Receiving Party will use Confidential Material solely to prosecute, defend, or attempt to settle this Action, and not for a business, competitive, or other purpose or in another proceeding. Disclosure to any authorized recipient must be reasonably necessary for that purpose. Each person who receives Confidential Material must keep it reasonably secure, limit access to authorized recipients, and comply with this Order. Nothing in this Order restricts disclosure required by law, subject to paragraph 19 where applicable, or the Court's authority to modify this Order.

9. Authorized recipients. Unless the Designating Party consents in writing or the Court orders otherwise, a Receiving Party may disclose Confidential Material only to: (a) counsel of record and their staff; (b) the Parties and their officers and employees assisting with this litigation; (c) retained experts and consultants, and their staff, who have signed Exhibit A; (d) court reporters and videographers; (e) litigation-support and e-discovery service providers, and providers of Closed Systems, used by counsel, the Parties, or their experts, subject to paragraphs 11 and 12; (f) any mediator; (g) the material's author, addressee, or recipient, or a person who otherwise saw or knew its content in the ordinary course of business; (h) during a deposition, a current or former officer or employee of the Producing Party; (i) a witness or prospective witness, during or in preparation for the witness's testimony and to the extent reasonably necessary, who has signed Exhibit A and does not keep a copy; and (j) the Court and its personnel.

10. Acknowledgment. Before receiving Confidential Material, each person described in paragraph 9(c) or 9(i) will sign the Acknowledgment and Agreement to Be Bound attached as Exhibit A. Counsel who obtains a signed acknowledgment will keep it for the duration of the Action, will provide a copy of a retained expert's acknowledgment to the Designating Party within 14 days after the expert is disclosed under Fed. R. Civ. P. 26(a)(2), and will provide any other acknowledgment if the Court so orders.

## V. ARTIFICIAL-INTELLIGENCE TOOLS

11. Closed Systems only. Counsel, the Parties, and their retained experts and vendors may use Confidential Material with Artificial-Intelligence Tools only in Closed Systems (ECF No. 21 ¶ 14; Standing Order § III.3). Before submitting material, the responsible user must confirm that the applicable terms prohibit the provider from using that material to train models and require the provider to keep it confidential. The responsible user must limit access to persons authorized by this Order and remain responsible for the use. Contractual confidentiality and no-training protection must cover the submitted material and any output revealing its content. Confidential output remains subject to this Order. Permission under this paragraph does not establish compliance with other law governing the material or authorize any use prohibited by paragraph 12 or 13.

12. Other tools prohibited. Confidential Material may be used only with Closed Systems as defined in paragraph 3(f). Uploading Confidential Material to any other artificial-intelligence system, including an Open System as defined in paragraph 3(g), is prohibited (ECF No. 21 ¶ 14). Hosting by the user does not by itself establish that a system qualifies. Paragraph 13 independently governs the filed documents it describes.

13. Standing Order § III.4. The Parties acknowledge the restrictions of Standing Order § III.4, which prohibits uploading onto any open AI system a filed document that was filed under seal or that contains the personal-data identifiers listed in LR IC 6-1(a)(1)–(6).

## VI. PATIENT INFORMATION

14. System data. Patient Information will not by itself justify withholding or delaying production of system data, which may be de-identified where practicable (ECF No. 21 ¶ 14). A

producing person that removes or masks patient identifiers must preserve the original, identify the fields removed or masked, and preserve technical content, including error codes, usage counters, timestamps, and system and component identifiers, to the extent consistent with the required privacy protection. The Parties must confer promptly if a field contains both relevant technical information and identifying information, using paragraph 17 for any unresolved dispute. De-identification must not conceal relevant technical information without explanation. Patient Information that remains identifiable must be designated CONFIDENTIAL. De-identified information may be designated only if it independently qualifies under paragraph 5. Removal of direct identifiers alone is not a determination that information meets HIPAA's de-identification requirements.

15. Protected health information. To the extent Discovery Material contains protected health information as defined in 45 C.F.R. § 160.103, this Order is intended to constitute a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v). The Parties and persons receiving such information under this Order may use or disclose it only for this litigation. At the end of the litigation, including appeals, the Receiving Party and its authorized recipients must return that information, including all copies made, to the covered entity or destroy it, and certify compliance in writing. The archival exception in paragraph 21 does not apply to protected health information. Before submitting protected health information to a provider, the responsible person must confirm that the provider can comply with these use, disclosure, and final-disposition requirements and any independently applicable legal requirements. This Order does not compel a covered entity to produce information, determine any person's covered-entity or business-associate status, or dispense with the applicable lawful-process and satisfactory-assurance requirements of 45 C.F.R. § 164.512(e).

## VII. FILING

16. Filing. A Party seeking to file designated material will comply with LR IA 10-5 (ECF No. 21 ¶ 15). Designation under this Order does not by itself establish that material may be filed under seal, and this Order is not a prior court order permitting any paper to be filed under seal within the meaning of LR IA 10-5(a). A Party that seeks to file Confidential Material, or a paper

that discloses its content, will move for leave to file it under seal as LR IA 10-5(a) requires and will redact Personal-Data Identifiers as Fed. R. Civ. P. 5.2(a) and LR IC 6-1(a) require. If the filing Party is not the Designating Party, (a) it will give the Designating Party reasonable notice before filing; (b) it does not thereby concede that sealing is warranted; and (c) within 7 days after the motion to seal is filed, the Designating Party will file any declaration or other paper supporting the request to seal, and if it does not, the Court may deny the motion as to that material. The Parties consent to service by email of papers filed under seal at the addresses stated in ECF No. 21 ¶ 17. Nothing in this Order requires the Court to seal any document or relieves any Party of its burden to justify sealing under applicable law.

## VIII. CHALLENGES AND DISPUTES

17. Challenges. A Party may challenge a designation under Standing Order § II.B, and the Designating Party bears the burden of showing good cause under Fed. R. Civ. P. 26(c) (ECF No. 21 ¶ 15). Any challenge to a designation, and any other dispute about the application of this Order, will be presented only through the procedures in Standing Order §§ II.B–II.C, after lead counsel meet and confer as LR IA 1-3(f) requires, and no motion will be filed unless the Court orders one (see ECF No. 21 ¶ 18). This Order creates no separate procedure for resolving disputes. Until a challenge is resolved by agreement or by the Court, the challenged material will be treated as designated. A Party does not waive a challenge by not making it promptly.

## IX. NON-PARTIES AND OTHER PROCEEDINGS

18. Non-Party productions. A Non-Party that produces Discovery Material in the Action, including under Fed. R. Civ. P. 45, may designate it under this Order and has the protection of this Order for it. A Party that serves a subpoena on a Non-Party will serve a copy of this Order with the subpoena or, if the subpoena was served before this Order is entered, promptly after entry. Any Party may designate Discovery Material produced by a Non-Party that contains the Party's own information qualifying under paragraph 5, by written notice within 14 days after the production is made available to it; until that period ends, the material is treated as Confidential Material.

19. Subpoenas and orders in other proceedings. A Receiving Party served with a subpoena or order in another proceeding that calls for Confidential Material must promptly notify the Designating Party in writing and provide a copy, sufficiently before compliance to permit an opportunity to seek protection where practicable. The Receiving Party must also notify the issuing person that the material is subject to this Order and reasonably cooperate, at the Designating Party's expense, with efforts to obtain protection. The Receiving Party must not voluntarily produce before the compliance date without the Designating Party's written consent or a court order. Nothing in this Order authorizes disobedience of lawful process or another court's order; if advance notice is prohibited, notice must be given as soon as lawfully permitted.

## X. UNAUTHORIZED DISCLOSURE

20. Notice and retrieval. A Receiving Party that learns that Confidential Material has been disclosed to a person or in a manner not authorized by this Order, including by submission to an Artificial-Intelligence Tool in violation of paragraph 12, will promptly (a) notify the Designating Party in writing; (b) make reasonable efforts to retrieve the material and to have it deleted from any such tool, to the extent the tool permits; (c) inform each person who received it of the terms of this Order; and (d) ask each such person to sign Exhibit A.

## XI. DURATION AND FINAL DISPOSITION

21. Return or destruction. Within 60 days after final disposition of the Action, including appeals, each Receiving Party must return or destroy all Confidential Material, including copies held by its authorized recipients, and certify compliance in writing to the Designating Party. This includes material and output in Artificial-Intelligence Tools, platforms, and workspaces; before using a provider, the responsible person must confirm that its retention and deletion arrangements permit compliance. Except as paragraph 15 provides, counsel may retain one archival copy of pleadings, filings, transcripts, exhibits, expert reports, correspondence, and attorney work product, all remaining subject to this Order. Paragraph 15 controls the timing and disposition of protected health information; neither the archival exception nor any technical inability to delete excuses its required return or destruction. This paragraph does not direct destruction of the Court's records.

22. Survival. The confidentiality obligations of this Order survive the final disposition of the Action until the Designating Party agrees otherwise in writing or the Court orders otherwise.

## XII. GENERAL PROVISIONS

23. No waiver. Designation or production under this Order is not an admission that material is confidential, relevant, discoverable, or admissible and does not waive a relevance or admissibility objection. This Order does not create attorney-client privilege, work-product protection, or a nonwaiver order under Fed. R. Evid. 502(d). Claims of privilege or trial-preparation protection remain governed by applicable law, including Fed. R. Civ. P. 26(b)(5). The Order changes no claim, defense, jurisdictional or venue position, or pending request for relief.

24. Hearings and trial. This Order governs pretrial discovery. Designation does not entitle a party to close a hearing or trial, seal an exhibit, or restrict public access to judicial proceedings. A Party seeking such protection must request an appropriate ruling before the information is disclosed in open court. The Court will determine the treatment of evidence at hearings and trial.

25. Transfer. If the Action or any claim in it is transferred, this Order continues to govern Confidential Material until the transferee court orders otherwise. No Party concedes that transfer is warranted.

26. Modification; interim effect. Any Party may seek modification by stipulation or, for a dispute, through Standing Order § II.B after the required meet and confer. The interim protections in ECF No. 21 ¶ 15 remain in force pending entry of this Order. No Party may delay production because this Order has not been entered. Nothing here represents that the Parties have agreed to terms beyond those they actually sign or that the Court has entered this proposed Order.

I certify that artificial intelligence was used to generate a portion of this filing. I have reviewed the source material and verified that the artificially generated content in the filing is accurate and complies with the filer's Rule 11 obligations.

DATED this 27th day of October, 2026.

LAW OFFICE OF MAX KELNER, ESQ.
*/s/ Max Kelner*
Max Kelner, Esq., Nevada Bar No. 16557
9173 Weeping Hollow Avenue
Las Vegas, Nevada 89178
(714) 357-1831
max@maxkelnerlaw.com
Attorney for Plaintiff LED Consulting LLC
KAEMPFER CROWELL
/s/ Melissa Saragosa-Stratton
Melissa Saragosa-Stratton, Esq., Nevada Bar No. 7295
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
(702) 792-7000
msaragosa-stratton@kcnvlaw.com

*(Electronic signature affixed by the filer with Ms. Saragosa-Stratton's written authorization of October 26, 2026.)*

Attorneys for Defendants Candela Corporation and Candela Medical, Inc.

IT IS SO ORDERED:

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED this 27th day of October, 2026.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

*LED Consulting LLC v. Candela Corporation, et al.*, Case No. 2:26-cv-02650-MDC (D. Nev.)

I have received and read the Protective Order entered in this Action and agree to be bound by it. I will use Confidential Material only for this litigation, disclose it only as the Order permits, and use artificial-intelligence tools only as paragraphs 11–13 permit. I will return or destroy material as the Order requires, including all protected health information and copies at the end of the litigation. I submit to the jurisdiction of the United States District Court for the District of Nevada to enforce the Order, including after this Action ends.

Printed name: ________________________
Employer and title: __________________________
Business address: ___________________________
Party whose counsel provided the material: _____________
Date: _________________________
Signature: ___________________________